# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HERMAN L. BARTON, JR.,                          )
                                                )      Case No. 2:11-cv-02097-KJD-GWF
                              Plaintiff,         )
                                                )      **ORDER**
vs.                                             )
                                                )      Application to Proceed In Forma
FREMONT STREET EXPERIENCE,                       )      Pauperis (#1) and Screening of
                                                )      Complaint (#1-1)
                              Defendant.         )
_____         )

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis (#1),
filed on December 28, 2011.  The Court finds that Plaintiff is unable to prepay the filing fee.  However,
the Court also recommends that the Complaint (#1-1) be dismissed without prejudice as it fails to state
a claim upon which relief may be granted.

## I.    *In Forma Pauperis* **Application (#1)**

Plaintiff Herman Barton filed this instant action and attached a financial affidavit to his
application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit
pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and
Plaintiff's request to proceed in forma pauperis (#1) will be granted.

## III.    Screening the Amended Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief
may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.
§ 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon

which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In his Complaint, Plaintiff alleges that he was followed from the Fremont Street Experience and assaulted by Fremont Street Experience security officers on or about October 9, 2011. Plaintiff requests that punitive damages be awarded in the amount of $1.5 million dollars. This is the extent of Plaintiff's Complaint.

Plaintiff filed a Complaint on the Court's civil rights complaint form for actions pursuant to 42 U.S.C. § 1983. The substance of Plaintiffs' allegations reveal, however, that Plaintiff is not alleging a civil rights violation under § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also . . .

include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

Plaintiff has failed to allege a violation of his Constitutional rights or a federal statue.  At most, Plaintiff appears to be alleging that the Defendant's security officers assaulted and possibly battered him, which is a violation of state law.  Further, Plaintiff has failed to prove that Fremont Street Experience qualifies as a "person" acting under color of state law.  The Court therefore finds that Plaintiff fails to state a claim upon which relief can be granted.  The Court however will grant Plaintiff an opportunity to amend his complaint in accordance with the above discussion  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be dismissed with leave to amend.  If Plaintiff wishes to correct the noted deficiencies, Plaintiff shall have until **February 9, 2012** to submit his amended complaint which will then be subject to additional screening pursuant to 28 U.S.C. § 1915A.  Failure to submit an amended complaint will result in dismissal of Plaintiff's case.

DATED this 6th day of January, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge

3